MAY, MELANIE G., Associate Judge.
The amorphous nature of the South Florida Water Management District is called into question as Martinez challenges the summary judgment and involuntary dismissal entered against him. The characterization of the District as an agency of the State is critical in determining Martinez’s rights as a former employee of the District under the Drug-Free Workplace Act (“DFWA”). We affirm the trial court’s decision on this issue and the other issues raised in this appeal.
Martinez was employed by the South Florida Water Management District as a field worker and electrician from 1981-1992. The District terminated his employment in 1992 when he tested positive for cocaine on one occasion. This termination followed the District’s referral of Martinez to its Employee Assistance Program and the execution of a' last-chance agreement between the District and Martinez.
Martinez filed a First Amended Complaint which alleged violations of his rights under the Drug-Free Workplace Act, section 112.0455, Florida Statutes (1991), the Rehabilitation Act of 1973, 29 U.S.C. § 791 (West 1985); and 42 U.S.C. § 1983 (West 1994). The trial court first granted a motion for summary judgment in favor of the District on the section 1983 claims, but denied the motion as it related to the Rehabilitation Act and the Drug-Free Workplace Act.
Subsequently, the trial court ruled on the District’s Motion in Limine, which asked the court to exclude all evidence relating to the DFWA. As a result of several hearings and rehearings on the matter, the trial court ultimately considered the motion in limine as a motion for summary judgment. The court ruled “that the intent of the Legislature was not to include the [District] under the coverage of Florida statute 112.0455, the Florida Drug-Free Workplace Act. Although the [District] may be considered a state agency for other purposes, the legislative history of the Act and [the District’s] cited materials has convinced the court to grant [the District’s] motion.” The court then dismissed that count from the First Amended Complaint.
The parties proceeded to a non-jury trial on the Rehabilitation Act claim. Three days into the trial, the court involuntarily dismissed Martinez’s claim when it determined that Martinez was a “current” drug user. As a “current” drug user, his claim was excepted from the provisions of the Rehabilitation Act. From these rulings, Martinez appeals.
We write to address whether the District is an “agency” of the State, thereby making it subject to the DFWA. If the District is not an “agency,” Martinez’s claim was properly disposed of in the summary judgment entered. To answer this question, we rely upon Attorney General Opinion 96-89, which specifically addressed the issue of whether a water management district is a state “af'ni-cy” for purposes of section 112.0455. £ Op. Atty. Gen. 89 (Nov. 5,1996).
In this opinion, the Attorney General was asked whether the DFWA applied to the Central County Water Control District. The Attorney General opined that the DFWA did not apply. “A special district, created by the Legislature to provide specific services within a limited area or for a special purpose, is not generally considered to be a state agency unless legislatively designated as such.” 96 Op. Atty. Gen. 89 (Nov. 5, 1996). The decision relied upon prior Attorney General opinions. See, e.g., 90 Op. Atty. Gen. 66 (Aug. 15, 1990) (water management districts are not state agencies as used in section 253.025(8)(e)); and 84 Op. Atty. Gen. 21 (Mar. 16,1984) (differentiating between state and county offices and the need to legislatively declare the “agency” status).
We agree with the reasoning of these opinions and affirm the trial court’s entry of summary judgment on this issue. We further affirm the trial court’s ruling on the additional issues raised by the appellant.
AFFIRMED.
GUNTHER and FARMER, JJ., concur.